UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

2012 DEC 17 PM 3:53

**Roderick Dion Norman**
   Plaintiff
-v-

4-12CV-910.
CASE# _____

**I.C. SYSTEM, INC.**

Judge _____

Defendant

## ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF THE ACTION

1. This is an action brought by an individual Plaintiff for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. (the "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (the "TDCPA") and the Texas Business and Commerce Code, Subchapter E. Chapter 17, (the "DTPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. It also includes actions for damages for Defendant's violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. (the "FCRA") and Telephone Consumer Protection Act 47 U.S.C. § 227 (the "TCPA") / Texas Business Code Ann. § 305.053.

2. Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA, TDCPA, DTPA, FCRA and TCPA.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331.

4. The occurrences which give rise to this action occurred in Tarrant County, Texas and Plaintiff resides in Tarrant County. Venue is proper in the Northern District of Texas Fort Worth Division.

## PARTIES

5. Plaintiff in this lawsuit is Roderick Dion Norman ("Plaintiff"), a natural person, who resides in Tarrant County, Texas.

6. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C § 1692a(3), the Texas Business and Commerce Code section § 17.50(a)(1), the Texas Finance Code § 392.001(1), and the FCRA, 15 U.S.C. § 1681a(d).

7. Defendant I.C. SYSTEM, INC. ("Defendant") is an entity who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

9. Upon information and belief Defendant I.C. SYSTEM, INC. is a Minnesota corporation with offices at 444 Highway 96 East, P.O. Box 64437, St. Paul, Minnesota 55164-0437 and authorized to do business in Texas.

## FACTUAL ALLEGATIONS

10. Plaintiff received a collection notice from the Defendant dated September 21, 2012 stating that Defendant was a debt collector attempting to collect an alleged debt regarding an AT&T Uverse account with an alleged balance on said account of $266.74, and that the alleged debt balance was subject to change due to interest or other charges that would be added to the alleged debt balance subsequent to the date of the letter.

11. Plaintiff sent a timely response within 30 days to Defendant on October 13, 2012 disputing and demanding validation of the alleged debt.

12. In October 2012 Plaintiff obtained his credit reports from all 3 major credit reporting agencies and discovered that the Defendant had placed inaccurate and derogatory information in his Experian and TransUnion credit files regarding the alleged debt they were attempting to collect.

13. On October 13, 2012 Plaintiff disputed the information contained in his Experian and TransUnion credit files directly to the credit reporting agencies who, upon receipt of the dispute and investigation, removed the said information indicating that the Defendant had no legal right to report erroneous information of the alleged and non-existent debt.

14. From August 21, 2012 at 6:39 PM until October 16, 2012 at 4:56 PM Plaintiff received thirty-one (31) telephone calls from Defendant showing a caller ID of 202-870-5891 when Defendant had no prior consent from the Plaintiff to do so. Said telephone number is known to be a telephone number used by the Defendant in debt collection calls to consumers, using an automated telephone dialing system. The calls

were made in violation of 15 U.S.C. § 1692d, § 1692d(5), TDCPA, the Texas Business Code Ann. § 305.053 and were a deceptive practice and meant to harass the Plaintiff.

15. On September 4, 2012 Plaintiff received one (1) telephone call from caller ID 202-870-5891, which is known to be a number used by the defendant in debt collection calls to consumers. The call received by the Plaintiff on September 4, 2012 caused the Plaintiff's cellular telephone to ring. At no time did the Plaintiff give the Defendant his consent to call him. A collection attempt made by phone to the Plaintiff's cellular telephone AND using an automated telephone dialing system was a violation of 15 U.S.C. § 1692d(5), the TDCPA, as well as the Texas Business Code Ann. § 305.053.

16. On December 6, 2012 Plaintiff sent a "Notice of Pending Lawsuit" to the Defendant and <u>they did not respond at any time</u> as requested by the Plaintiff to avoid litigation regarding their violations of the FDCPA, TDCPA, DTPA, FCRA, TCPA and the Tex. Business and Finance Code Annotated.

17. All violations complained of herein occurred within the statute of limitations of the applicable statutes, both state and federal.

## COUNT I
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) BY DEFENDANT I.C. SYSTEM, INC.

18. Plaintiff alleges and re-alleges each and every allegation stated above.

19. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA.

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000;

c) Award Plaintiff any attorney's fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATIONS OF THE TDCPA

20. Plaintiff repeats and re-alleges each and every allegation stated above.

21. Defendant I.C. SYSTEM, INC. violated the Texas Debt Collection Practices Act in one or more of following ways:

   a) Using false representation or deceptive means to collect a debt or obtain information concerning a consumer, including Tex Fin. Code § 392.304(a)(19).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging the Defendant violated the TDCPA;

   b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

   c) Awarding Plaintiff any attorney's fees and costs incurred in this action;

   d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF THE DTPA

21. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

22. A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code Ann. § 392.404(a)

23. Defendant violated Tex. Bus. Com. Code, Chapter 17, Subchapter E.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E;

b) Awarding Plaintiff actual damages for time spent defending against Defendant's deceptive activities.

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

d) Awarding Plaintiff any attorney's fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

## VIOLATIONS OF THE FCRA

24. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

25. Defendant violated the FCRA when they **reported erroneous and derogatory information to Experian for (5) months in June, July, August, September, and October 2012, and to TransUnion for two (2) months in September and October 2012** in violation of the FCRA 15 U.S.C. § 1681s-2(a)(1)(A).

WHEREFORE, Plaintiff prays for relief and judgment as follows:

   a) Adjudging that Defendant violated the FCRA

   b) Awarding Plaintiff statutory damages of $1000 per month per reporting agency that erroneous and a derogatory information was contained in Plaintiff's credit files as result of Defendant's actions, pursuant to 15 U.S.C. § 1681n;

   c) Awarding Plaintiff any attorney's fees and costs incurred in this action;

   d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

## VIOLATIONS OF THE TCPA/TEXAS BUSINESS CODE ANN. § 305.053

26. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

27. Defendant's aforementioned conduct violated the TCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the TCPA/Texas Business Code Ann. § 305.053.

    b) Awarding Plaintiff statutory damages, pursuant to Texas Business Code Ann. § 305.053 in the amount of $500 for the first call made to Plaintiff and $1,500 per call for thirty-one (31) successive calls made to Plaintiff which were willful and knowing violations of the code.

    c) Awarding Plaintiff any attorney's fees and costs incurred in this action;

    d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    e) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 17th day of December, 2012

*[signature]*

Roderick Dion Norman
6268 Stardust Dr. S.
Watauga, TX 76148
(469) 774-4528

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Roderick Dion Norman

### DEFENDANTS
I.C. SYSTEM, INC.

**(b)** County of Residence of First Listed Plaintiff: Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692, 15 USC 1681, 47 USC 227

Brief description of cause:
Violations of FDCPA, FCRA and TCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 57,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions)*:
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
*/s/ Roderick D. Norman/*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____